IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| GREG MENGES and SAVITH POEUT,<br><br>          Plaintiffs,<br><br>v.<br><br>JOHNSON MARK, LLC and PORTFOLIO RECOVERY ASSOCIATES CORPORATION,<br><br>          Defendants. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF MENGES' MOTION TO DISMISS<br><br><br><br>Case No. 2:19-CV-976 TS-CMR<br><br>District Judge Ted Stewart |

This matter is before the Court on Plaintiff Greg Menges' Motion to Dismiss. Menges requests that his federal claim be dismissed with prejudice and his state-law claims be dismissed without prejudice so that they may be re-filed in state court. Defendants oppose Menges' request and have filed a Motion for Judgment on the Pleadings seeking dismissal of Menges' claims. For the reasons discussed below, the Court will grant Menges' Motion to Dismiss, rendering moot Defendants' Motion for Judgment on the Pleadings.

I. BACKGROUND

Menges filed suit against Defendants in state court asserting claims under the Fair Debt Collection Practices Act ("FDCPA"), the Utah Consumer Sales Practices Act ("UCSPA"), for unjust enrichment, and intrusion upon seclusion. Relying upon federal question jurisdiction, Defendants removed this matter to this Court on December 12, 2019. Defendants filed their Answers on December 16, 2019, and then moved for judgment on the pleadings. In response, Menges filed the instant Motion to Dismiss.

## II. DISCUSSION

Federal Rule of Civil Procedure 41(a)(2) provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Unless otherwise stated, a dismissal under this rule is without prejudice.[1] "When considering a motion to dismiss without prejudice, 'the important aspect is whether the opposing party will suffer prejudice in the light of the valid interests of the parties.'"[2] "Absent 'legal prejudice' to the defendant, the district court normally should grant such a dismissal."[3]

> The parameters of what constitutes "legal prejudice" are not entirely clear, but relevant factors the district court should consider include: the opposing party's effort and expense in preparing for trial; excessive delay and lack of diligence on the part of the movant; insufficient explanation of the need for a dismissal; and the present stage of litigation. Each factor need not be resolved in favor of the moving party for dismissal to be appropriate, nor need each factor be resolved in favor of the opposing party for denial of the motion to be proper.[4]

"The district court should endeavor to insure substantial justice is accorded to both parties. A court, therefore, must consider the equities not only facing the defendant, but also those facing the plaintiff; a court's refusal to do so is a denial of a full and complete exercise of judicial discretion."[5]

Considering these factors, the Court finds that Defendants have failed to demonstrate legal prejudice. While the Court acknowledges that Defendants have incurred expense in

---

[1] Fed. R. Civ. P. 41(a)(2).

[2] *Clark v. Tansy*, 13 F.3d 1407, 1411 (10th Cir. 1993) (quoting *Barber v. Gen. Elec. Co.*, 648 F.2d 1272, 1275 (10th Cir. 1981)).

[3] *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997) (quoting *Andes v. Versant Corp.*, 788 F.2d 1033, 1036 (4th Cir. 1986)).

[4] *Id.* (citation omitted).

[5] *Id.* (citation omitted).

litigating this action, this case is relatively new and little has taken place.  Defendants have

sought dismissal of Menges' claims but have not otherwise spent effort and expense preparing

for trial.  Similarly, there is no excessive delay or lack of diligence on Menges' part.  Rather,

Menges filed the instant Motion in response to Defendants' Motion for Judgment on the

Pleadings and chose not to respond to Defendants' Motion to avoid additional effort and expense

by either party.  Next, the Court finds that Menges has adequately explained the reason for his

request for dismissal.  Defendants complain that they might be forced to litigate Menges' claims

in state court.  However, "[p]rejudice does not automatically result to defendant from the filing

of a second lawsuit."[6]  Finally, as stated, this case is in its early stages.  For these reasons, the

Court finds that Defendants have failed to show legal prejudice.

Much of Defendants' argument goes to their claim that Menges' FDCPA and UCSPA

claims fail and that the Court should address them on the merits.  However, even if the Court

agreed with Defendants, the result would be the same.  That is, the Court would dismiss Menges'

FDCPA claim with prejudice and would decline to exercise supplemental jurisdiction over his

state-law claims.[7]  That is the same relief Menges seeks in his Motion to Dismiss.  Therefore, the

Court need not reach Defendants' Motion for Judgment on the Pleadings.

---

[6] *Am. Nat'l Bank & Trust Co. of Sapulpa v. Bic Corp.*, 931 F.2d 1411, 1412 (10th Cir. 1991).

[7] 28 U.S.C. § 1367(c)(3); *see also Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir. 1998) ("When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims." ).

In the alternative, Defendants request their attorney's fees and costs if Menges' Motion is granted.  Defendants' request for fees and costs is better brought by separate motion.[8]  Therefore, the Court will not address this request in this Order.

## III.  CONCLUSION

It is therefore

ORDERED that Menges' Motion to Dismiss (Docket No. 19) is GRANTED.  It is further

ORDERED that Defendants' Motion for Judgment on the Pleadings (Docket No. 11) is DENIED AS MOOT.

DATED this 10th day of March, 2020.

BY THE COURT:

_____
Ted Stewart
United States District Judge

---

[8] Fed. R. Civ. P. 54(d)(2)(A) ("A claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages."); DUCivR 54-2(a), (f).