IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| GREG MENGES and SAVITH POEUT,<br><br>Plaintiffs,<br><br>v.<br><br>JOHNSON MARK, LLC and PORTFOLIO RECOVERY ASSOCIATES CORPORATION,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF POUET'S MOTION TO DISMISS JOHNSON MARK<br><br><br>Case No. 2:19-CV-976 TS-CMR<br><br>District Judge Ted Stewart |

This matter is before the Court on Plaintiff Savith Pouet Motion to Dismiss. Pouet seeks to dismiss his claims against Johnson Mark, LLC with prejudice. Defendant has not responded to Plaintiff's Motion and the time for doing so has expired. Prior to Pouet filing his Motion, Defendant moved for judgment on the pleadings. For the reasons discussed below, the Court will grant Pouet's Motion to Dismiss, rendering moot Defendant's Motion for Judgment on the Pleadings.

I. BACKGROUND

Pouet filed suit against Defendant Johnson Mark in state court asserting claims under the Fair Debt Collection Practices Act ("FDCPA"), the Utah Consumer Sales Practices Act ("UCSPA"), for unjust enrichment, and intrusion upon seclusion. Defendants removed this matter to this Court on December 12, 2019. Defendants filed their Answers on December 16, 2019, and then moved for judgment on the pleadings. In response, Pouet filed the instant Motion to Dismiss.

1

## II. DISCUSSION

Federal Rule of Civil Procedure 41(a)(2) provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." When considering such a Motion, "'the important aspect is whether the opposing party will suffer prejudice in the light of the valid interests of the parties.'"[1] "Absent 'legal prejudice' to the defendant, the district court normally should grant such a dismissal."[2]

> The parameters of what constitutes "legal prejudice" are not entirely clear, but relevant factors the district court should consider include: the opposing party's effort and expense in preparing for trial; excessive delay and lack of diligence on the part of the movant; insufficient explanation of the need for a dismissal; and the present stage of litigation. Each factor need not be resolved in favor of the moving party for dismissal to be appropriate, nor need each factor be resolved in favor of the opposing party for denial of the motion to be proper.[3]

"The district court should endeavor to insure substantial justice is accorded to both parties. A court, therefore, must consider the equities not only facing the defendant, but also those facing the plaintiff; a court's refusal to do so is a denial of a full and complete exercise of judicial discretion."[4]

Considering these factors, the Court finds that dismissal with prejudice is appropriate. While the Court acknowledges that Johnson Mark has incurred expense in defending this action, the remaining factors favor dismissal.

---

[1] *Clark v. Tansy*, 13 F.3d 1407, 1411 (10th Cir. 1993) (quoting *Barber v. Gen. Elec. Co.*, 648 F.2d 1272, 1275 (10th Cir. 1981)).

[2] *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997) (quoting *Andes v. Versant Corp.*, 788 F.2d 1033, 1036 (4th Cir. 1986)).

[3] *Id.* (citation omitted).

[4] *Id.* (citation omitted).

## III. CONCLUSION

It is therefore

ORDERED that Pouet's Motion to Dismiss (Docket No. 27) is GRANTED. It is further

ORDERED that Defendants' Motion for Judgment on the Pleadings (Docket No. 16) is DENIED AS MOOT.

DATED this 24th day of March, 2020.

BY THE COURT:

_____
Ted Stewart
United States District Judge